

Lisa A. Welkey, Esquire
Pa. Supreme Court ID No. 60295
LAW OFFICE OF LISA A. WELKEY, ESQUIRE
Penn Park Building
48 South Main Street, Suite 500
Pittston, PA 18640
(570) 654-3355

| | |
|---|---|
| ARLENE TRIMBLETT and<br>WILLIAM TRIMBLETT,<br>Her husband,<br><br>PLAINTIFF<br><br>V.<br><br>K MART<br>a/k/a BIG K MART<br>and METROPOLITAN LIFE<br>INSURANCE COMPANY<br><br>DEFENDANTS | IN THE COURT OF COMMON PLEAS<br>OF LUZERNE COUNTY<br><br><br><br>CIVIL ACTION – LAW<br><br>JURY TRIAL DEMANDED<br><br>NO. 5021-C OF 2001 |

**NOTICE TO DEFEND**

You have been sued in court. If you wish to defend against the claims set forth in the following pages, you must take action within twenty (20) days after this Complaint and Notice are served, by entering a written appearance personally or by attorney and filing in writing with the court your defenses and objections to the claims set forth against you. You are warned that if you fail to do so the case may proceed without you and a judgment may be entered against you by the court without further notice for any money claimed in the Complaint or for any other claim or relief requested by the Plaintiff. You may lose money or property or other rights important to you.

**YOU SHOULD TAKE THIS PAPER TO YOUR LAWYER AT ONCE. IF YOU DO NOT HAVE A LAWYER OR CANNOT AFFORD ONE, GO TO OR TELEPHONE THE OFFICE SET FORTH BELOW TO FIND OUT WHERE YOU CAN GET LEGAL HELP.**

Legal Services of Northeastern PA, Inc.

| | | |
|---|---|---|
| 410 Bicentennial Building<br>15 Public Square<br>Wilkes-Barre, PA 18701<br>(570) 825-8567 | or | 21 North Church Street<br>Hazleton, PA 18201<br>(717) 455-9511 |

## AMERICANS WITH DISABILITIES ACT OF 1990

The Court of Common Pleas of Luzerne County is required to comply with the Americans with Disabilities Act of 1990. For information about accessible facilities and reasonable accommodations available to disabled individuals having business before the Court, please contact our office. All arrangements must be made at least 72 hours prior to any hearing or business before the Court. You must attend the scheduled conference or hearing

Lisa A. Welkey, Esquire
Pa. Supreme Court ID No. 60259
LAW OFFICES OF LISA A. WELKEY, ESQUIRE
Penn Park Building
48 South Main Street, Suite 500
Pittston, PA 18640
(570) 654-3355

| | | |
|---|---|---|
| ARLENE TRIMBLETT and WILLIAM TRIMBLETT, Her husband, | : | IN THE COURT OF COMMON PLEAS OF LUZERNE COUNTY |
| PLAINTIFF | : | |
| V. | : | CIVIL ACTION – LAW |
| K MART a/k/a BIG K MART and METROPOLITAN LIFE INSURANCE COMPANY | : | JURY TRIAL DEMANDED |
| DEFENDANTS | : | NO. 5021-C OF 2001 |

**COMPLAINT**

The Plaintiffs, Arlene Trimblett and William Trimblett, by and through her

attorney, Lisa A. Welkey, Esquire, hereby complains of the above-named Defendants as

follows:

      1.     The Plaintiffs, Arlene and William Trimblett, are adult individual residing

at P O Box 186, West Pittston, Luzerne County, PA 18643.

      2.     The Defendant, K Mart a/k/a Big K Mart, is a corporation with

International Headquarters at 3100 West Big Beaver Road, Troy, Michigan 48084, with a

principal place of business located at Pittston By-Pass, Pittston, Luzerne County,

Pennsylvania.

3.      Metropolitan Life Insurance Company is a corporation, duly authorized to do business in the Commonwealth of Pennsylvania with its principal place of business located at 4100 Boy Scout Boulevard, Tampa, Florida.

4.      During the period beginning 1981 through 1999, the Plaintiff, Arlene Trimblett, was an employee with the above named Defendants.

5.      From the date of hire in 1981 until March 25, 1999, the Plaintiff, Arlene Trimblett, was employed as employee of the Defendant's, specifically as a waitress, deli and Deli Manager and was eligible for the company's short-term disability and long term disability.

6.      On September 29, 1994 and on March 25, 1999, the Plaintiff, Arlene Trimblett, suffered a heart attack, which resulted in her total disability and inability to continue any substantial gainful employment.

7.      Thereafter, the Plaintiff applied for and received short-term disability benefits through the Defendant specifically twenty-six (26) weeks of short-term disability, which short-term disability benefits ended on September 19, 1999.

8.      Thereafter, the Plaintiff filed numerous claims with the employer regarding her eligibility and entitlement to long-term disability benefits and pension/profit sharing/401-K benefits to which she is entitled under the employment handbook.

9.      Notably, during the entire period of her employment, from the time of change of status beginning 1981 up and until and including the last day of work on March 25, 1999, the Plaintiff continued to pay and have deducted from her wages, deductions for long term disability insurance benefits which she paid while a worker with the

Defendant. Despite her change of status on March 25, 1999, Arlene Trimblett continued

to have deducted from her wages and continued to pay for long-term disability benefits

up until her last day of work on March 25, 1999.

10.    To date, the Plaintiff has not received any payment of long term disability

insurance coverage to which she is entitled.

11.    To date, the Plaintiff, Arlene Trimblett, has no received payment of

monthly pension benefits to which she is entitled.

## COUNT I

## BREACH OF CONTRACT

12.    The Plaintiff, Arlene Trimblett, hereby incorporates Paragraphs 1 through

11 as though the same were hereto set forth at length.

13.    The Defendants, jointly, severally and/or joint and severally have

breached their contractual obligation to the Plaintiff as follows:

(a)    In failing to pay the Plaintiff long-term disability benefits to which

she became entitled on September 30, 1999 upon the expiration of her short-term

disability benefits;

(b)    In failing to pay long-term disability benefits for which the

Plaintiff incurred wage deductions from her date of hire until March 23, 1999, the date of

her disability;

(c)    In failing to pay pension benefits under the Employment

Agreement, taking into consideration Plaintiff's entitlement to full credit for her years of

service as an employee of the Defendants;

14.   Defendant has breached its duty to the Plaintiff by refusing to pay long-term disability benefits to which she is entitled under the Employment Agreement and policy of insurance issued by Defendant, Metropolitan Life Insurance Company.

15.   The Plaintiff has been totally disabled under the applicable provisions of the Social Security Administration.  A copy of the decision is attached hereto and marked Exhibit "A".

16.   The Plaintiff has been totally disabled since March 25, 1999 and continues to be totally disabled under the applicable language of the applicable disability Policy of Insurance.

WHEREFORE, the Plaintiff, Arlene Trimblett, demands judgment in her favor and against the Defendant, in an amount in excess of Forty Thousand ($40,000.00) Dollars, which said amount is in excess of the amount requiring compulsory arbitration under the applicable rules of Court.  JURY TRIAL DEMANDED.

## COUNT II

### NEGLIGENT MISREPRESENTATION

17.   Paragraphs 1 through 16 inclusive of this Complaint are incorporated herein by reference and made a part hereof as though more fully set forth at length herein.

18.   Defendant made or caused to be made to Plaintiff the representations set forth above concerning the long-term disability benefits provided under the policy of insurance and pension benefit to which Plaintiff is entitled.

19.   Defendant made the above representations to Plaintiff without using reasonable care in ascertaining the truth thereof, before making the representations to Plaintiff.

20.     In making the aforesaid negligent representations, Defendant intended that Plaintiff be induced to enroll in the Policy of Insurance but was induced into signing off on your enrollment to long term disability.

21.     Plaintiff justifiably relied on the negligent representations of Defendant and signed termination on July 17, 1999, which ended her employment with K-Mart and benefits as of September 19, 1999.

WHEREFORE, the Plaintiff Arlene Trimblett demands judgment in her favor and against the Defendant, in an amount exceeding $40,000.00 together with interest and costs of suit. Plaintiff's demands exceed the amount requiring compulsory arbitration under the applicable statutes of the Commonwealth of Pennsylvania and the Luzerne County Local Rules of Court. JURY TRIAL DEMANDED.

### COUNT III

### UNJUST ENRICHMENT

22.     Paragraphs 1 through 21, inclusive, of this Complaint are incorporated herein by reference and made a part hereof as though more fully set forth at length herein.

23.     Defendant has been unjustly enriched by the receipt of the premiums paid to Defendant by the Plaintiff.

WHEREFORE, the Plaintiff Arlene Trimblett, demands judgment in her favor and against the Defendant, in an amount exceeding $40,000.00 together with interest and costs of suit. Plaintiff's demands exceed the amount requiring compulsory arbitration under the applicable statutes of the Commonwealth of Pennsylvania and the Luzerne County Local Rules of Court. JURY TRIAL DEMANDED.

## COUNT IV

### BAD FAITH

24.     Paragraphs 1 through 23, inclusive, of this Complaint are incorporated herein by reference and made a part hereof as though more fully set forth at length herein.

25.     The actions of the Defendant in denying the Plaintiff short term and long term disability benefits for which she contracted for and to which she was entitled amounts to bad faith and consisted of the following:

(1)     In then and there violating the provisions of the Pennsylvania Code specifically, 42 Pa. C.S.A. Section 8371 pertaining to Bad Faith.

26.     Section 8371 of Title 42 provides in pertinent part as follows:

In an action arising under an insurance policy, if the Court finds that an insurer has acted in bad faith toward the insured, the Court may take all of the following actions:

(1)     Award interest on the amount of the claim from the date the claim was made by the insured in an amount equal to the prime rate of interest plus 3%.

(2)     Award punitive damages against the insurer.

(3)     Assess court costs and attorney fees against the insurer.

WHEREFORE, Plaintiff, Arlene Trimblett, demand judgment against the Defendant in excess of Forty Thousand ($40,000.00) Dollars, which said amount is in excess of the amount requiring compulsory arbitration under the applicable rules of Court. Furthermore, the Plaintiff demands judgment against the Defendant in accordance with the provisions of 42 PA C.S.A. Section 8371 entitling the Plaintiff in addition to

payment of short term and long term disability benefits from September 30, 1999 to the present but also punitive damages, attorneys fees, costs of suit and interest calculated at the prime rate plus 3%.   JURY TRIAL DEMANDED

## COUNT V

## PUNITIVE DAMAGES

27.    Paragraphs 1 through 26, inclusive of this Complaint are incorporated herein by reference and made a part hereof as though more fully set forth at length herein.

28.    The conduct of Defendant, as set forth in Counts I through IV of this Complaint, constitutes extreme and outrageous conduct committed willfully and maliciously, so as to justify an award of punitive damages to the Plaintiff.

WHEREFORE, the Plaintiff Arlene Trimblett, demands judgment in her favor and against the Defendant, in an amount exceeding $40,000.00 together with interest and costs of suit.  Plaintiff's demands exceed the amount requiring compulsory arbitration under the applicable statutes of the Commonwealth of Pennsylvania and the Luzerne County Local Rules of Court.  JURY TRIAL DEMANDED.

Respectfully submitted,

Lisa A. Welkey, Esquire
Attorney for Plaintiff

## VERIFICATION

I, Arlene Trimblett, verify that the statements made in the foregoing Complaint are true and correct to the best of my knowledge.  I understand that false statements herein are made subject to the penalties of 18 PA. C.S. Section 4904, relating to unsworn falsification to authorities.

Arlene Trimblett

DATED: 7/27/01

# EXHIBIT 'A'

## SOCIAL SECURITY ADMINISTRATION

Refer To: 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

Office of Hearings and Appeals
Suite 201
7 N. Wilkes-Barre Blvd.
Wilkes-Barre, Pennsylvania 18702

·Date: AUG 2 2 2000

Arlene Trimblett
PO Box 186U
West Pittston, PA 18643

### NOTICE OF DECISION – FULLY FAVORABLE

I have made the enclosed decision in your case.  Please read this notice and the decision carefully.

**This Decision is Fully Favorable To You**

Another office will process the decision and send you a letter about your benefits.  Your local Social Security office or another may first ask you for more information.  If you do not hear anything for 60 days, contact your local office.

**If You Disagree With The Decision**

If you disagree with my decision, you may file an appeal with the Appeals Council.

**How to File an Appeal**

To file an appeal, you or your representative, if you choose to appoint one, must request the Appeals Council to review the decision.  You must make the request in writing.  You may use our Request for Review form, HA-520, or write a letter.

You may file your request at any local Social Security office or a hearing office.  You may also mail your request right to the Appeals Council, Office of Hearings and Appeals, 5107 Leesburg Pike, Falls Church, VA 22041-3255.  Please put the Social Security number shown above on any appeal you file.

**Time to File an Appeal**

To file an appeal, you must file your request for review **within 60 days** from the date you get this notice.

The Appeals Council assumes you got the notice 5 days after the date shown above unless you show you did not get it within the 5-day period. The Council will dismiss a late request unless you show you had a good reason for not filing it on time.

Arlene Trimblett (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)                                     Page 2 of 3

**Time to Submit New Evidence**

You should submit any new evidence you wish to the Appeals Council to consider with your request for review.

**How an Appeal Works**

Our regulations state the rules the Appeals Council applies to decide when and how to review a case. These rules appear in the Code of Federal Regulations, Title 20, Chapter III, Part 404 (Subpart J).

If you file an appeal, the Council will consider all of my decision, even the parts with which you agree. The Council may review your case for any reason. It will review your case if one of the reasons for review listed in our regulation exists. Section 404.970 of the regulation lists these reasons.

Requesting review places the entire record of your case before the Council. Review can make any part of my decision more or less favorable or unfavorable to you.

On review, the Council may itself consider the issues and decide your case. The Council may also send it back to an Administrative Law Judge for a new decision.

**If No Appeal and No Appeals Council Review**

If you do not appeal and the Council does not review my decision on its own motion, you will not have a right to court review. My decision will be a final decision that can be changed only under special rules.

**New Application**

You have the right to file a new application at any time, but filing a new application is not the same as appealing this decision. If you disagree with my decision and you file a new application instead of appealing, you might lose some benefits, or not qualify for any benefits. My decision could also be used to deny a new application for insurance benefits, if the facts and issues are the same. So, if you disagree with this decision, you should file an appeal within 60 days.

Arlene Trimblett (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)                                    Page 3 of 3

**If You Have Any Questions**

If you have any questions, you may call, write or visit any Social Security office.  If you visit an office, please bring this notice and decision with you.  The telephone number of the local office that serves your area is (570)826-6372.  Its address is

Stegmaier Bldg., Suite 102
7 N. Wilkes-Barre Boulevard
Wilkes-Barre, PA 18702.

FRANK P. SABATINI
Administrative Law Judge

cc:  Lisa A. Welkey Esq
     126 S Main St
     Pittston, PA 18640

# SOCIAL SECURITY ADMINISTRATION
## Office of Hearings and Appeals

## ORDER

**IN THE CASE OF**

**CLAIM FOR**

Period of Disability and
Disability Insurance Benefits

Arlene Trimblett
(Claimant)

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
(Social Security Number)

(Wage Earner)

I approve the fee agreement between the claimant and her representative subject to the condition that the claim results in past-due benefits.

My determination is limited to whether the fee agreement meets the statutory conditions for approval and is not otherwise excepted. I neither approve nor disapprove any other aspect of the agreement.

*Frank P. Sabatini*

FRANK P. SABATINI
Administrative Law Judge

AUG 2 2 2000

Date

# SOCIAL SECURITY ADMINISTRATION
## Office of Hearings and Appeals

## DECISION

| IN THE CASE OF | CLAIM FOR |
|---|---|
| | Period of Disability and Disability Insurance Benefits |
| Arlene Trimblett | |
| (Claimant) | |

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
(Social Security Number)

(Wage Earner)

## JURISDICTION AND PROCEDURAL HISTORY

This case is before the undersigned Administrative Law Judge upon a timely request for hearing filed on March 7, 2000, by the claimant, Arlene Trimblett, pursuant to Section 205(b) of the Social Security Act. The claimant disputes the prior adverse determinations by the Social Security Administration denying her claim for a period of disability and disability insurance benefits.

The claimant filed her application for benefits on May 28, 1999. She alleges an inability to engage in substantial gainful activity beginning March 25, 1999, due to heart disease, diabetes mellitus, high blood pressure, and pain in legs.

The issue in this case is whether the claimant is entitled to a period of disability and disability insurance benefits under Sections 216(i) and 223, respectively, of Title II of the Social Security Act.

A hearing in this matter was held on August 14, 2000, in Wilkes-Barre, Pennsylvania, at which time and place the claimant appeared. She was represented by Lisa A. Welkey, Esquire, of Pittston, Pennsylvania. Calvin F. Anderson also appeared and testified as an impartial vocational expert pursuant to his contract with the Office of Hearings and Appeals.

After having heard this matter and reviewing the documentary evidence, the undersigned Administrative Law Judge finds that the claimant has been disabled for the purposes of a period of disability and disability insurance benefits since the alleged onset date of disability of March 25, 1999.

Arlene Trimblett (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)                                    Page 2 of 5

## RATIONALE

The Commissioner of the Social Security Administration has established a five-step sequential evaluation process for determining whether a person is disabled (20 CFR 404.1520). Following the sequential evaluation process, the record reveals that the claimant has not been employed nor engaged in substantial gainful activity since the alleged onset date of disability of March 25, 1999.

The record reflects that the claimant has coronary artery disease and diabetes mellitus, which are severe. A good argument could be made for medical equivalency under Section 4.04B of the Listing of Impairments, set forth in Appendix 1, Subpart P, Social Security Administration Regulations No. 4, however, the undersigned Administrative Law Judge will proceed with the sequential evaluation process.

The undersigned Administrative Law Judge is persuaded, as will be discussed below, that the claimant is limited at most to sedentary work and therefore, is disabled pursuant to Vocational Rule 201.06 and Section 201.00(d) of Appendix 2, Subpart P, Social Security Administration Regulations No. 4. The claimant's impairments are severe enough to preclude her from performing any of her past relevant work which, according to Calvin F. Anderson, the impartial vocational expert, was semi-skilled in nature and ranged from light to medium in exertional level.

Once a claimant has established that she is unable to perform any past relevant work, as a result of her impairments, the burden shifts to the Commissioner to show that there are other jobs existing in significant numbers in the national economy which the claimant can perform, consistent with her medically determinable impairments, functional limitations, age, education, and work experience. After carefully reviewing the evidence in this case, the undersigned Administrative Law Judge finds that the claimant is limited, at most, to sedentary work and therefore she is disabled pursuant to Vocational Rule 201.06 and Section 201.00(d) of Appendix 2 to Subpart P of the Medical-Vocational Guidelines.

In making the above findings, the undersigned Administrative Law Judge considered all the medical evidence of record and the testimony adduced at the hearing. The record reflects that the claimant sustained a myocardial infarction on September 29, 1994. A cardiac catherization was performed which showed severe triple coronary artery disease and an estimated left ventricular ejection fraction of 30% (Exhibit 2F, pages 27 and 28). The claimant subsequently underwent coronary artery bypass surgery on October 10, 1994 (Exhibit 2F, page 29). Nevertheless, she continued to complain of shortness of breath, easy fatigue, and lightheadedness. On March 25, 1999, she was seen at the Emergency Room of the Wilkes-Barre General Hospital for complaint of palpitations. The EKG was interpreted as abnormal with sinus tachycardia, left ventricular enlargement, and possible old lateral infarct (Exhibit 1F). A subsequent myocardial perfusion sca performed on May 4, 1999, demonstrated mild hypokinesis of the distal anterior and lateral wall, with a calculated resting left ventricular ejection fraction of 30% (Exhibit 5F, page 8). Her last echocardiogram on October 7, 1999, showed an ejection fraction estimated at 35-40% (Exhibit 4F, page 3).

The claimant has been followed since her myocardial infarction in September of 1994, by Dr. Daniel K. Silverstein, a board-certified internist. On July 6, 2000, Dr. Silverstein reported that the claimant suffers from symptoms of dyspnea on exertion as well as chronic fatigue secondary to her left ventricular systolic function Because of her impaired cardiac function, her exercise tolerance is limited. He further noted that the chance for improvement in her left ventricular systolic function is minimal, and the typical pattern is one of

Arlene Trimblett (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)                                    Page 3 of 5

progressive and relentless deterioration of left ventricular function. Dr. Silverstein stated that if the event that the claimant's left ventricular systolic dysfunction deteriorates significantly, she would be a candidate for cardiac transplant. Dr. Silverstein opined that the claimant is permanently and totally disabled due to her impaired cardiac status, and that she would be unable to tolerate the physical and emotional stresses related to work (Exhibit 10F). On August 14, 2000, Dr. Silverstein completed a Residual Functional Capacity Questionnaire indicating that the claimant was unable to perform even sedentary work (Exhibit 13F).

The claimant is maintained on maximal medical therapy which includes Lanoxin and Coreg. She also takes sublingual Nitroclyerin as needed, as well as medication for cholesterol and Zestril for high blood pressure. She has been on oral medication for her diabetes mellitus since 1994, and in November of 1999, was started on Insulin due to poor diabetic control (Exhibits 5F, page 5, 10F, and 8E).

The undersigned notes that non-examining consultants with the Disability Determination Services previously concluded that the claimant was capable of performing light exertional work activity, with occasional climbing, crouching, and crawling with the avoidance of concentrated exposure to extreme heat and cold (Exhibits 3F and 6F). However, their opinion is significantly outweighed by the other medical evidence of record, including the evidence submitted after these physicians made their assessments. Further, the consultants did not address the claimant's complaints as to the nature of her pain and limitations in a manner consistent with Social Security Ruling 96-7p. Therefore, the undersigned Administrative Law Judge cannot accord probative weight to their opinion. Greater weight is given to the opinion of disability expressed by Dr. Silverstein, as his conclusion is well supported by medically acceptable clinical and laboratory data.

At the hearing in this case, the claimant testified of symptoms consistent with the diagnoses stated above. She indicated that she is always tired. She also has shortness of breath, chest pains, and occasionally becomes lightheaded. She complains of a pressure in her chest when she lifts or bends over. She is able to walk about 1 ½ blocks, then has to take a break. If she walks too fast, she develops a funny feeling in her chest and becomes short of breath. She does very little around the house, and spends a few hours in the morning and afternoon sitting in a recliner. She also sleeps in the recliner at night. If she makes the bed, she has to rest for awhile afterward. Although she has a driver's license, the claimant testified that she seldom drives, and her husband drives her to her medical appointments.

The undersigned has considered the claimant's testimony pursuant to the guidelines set forth in Social Security Ruling 96-7p and notes that there is evidence of an impairment which could reasonably be expected to cause the type, degree and persisting nature of symptoms and limitations alleged by the claimant. Accordingly, the undersigned finds the claimant's testimony to be entirely credible.

The undersigned also had the benefit of testimony of Calvin F. Anderson, an impartial vocational expert. Mr. Anderson noted that the claimant is a 60-year old individual closely approaching retirement age with a high school education. He testified that the claimant's past relevant work as a waitress and deli-worker at K-Mart ranged from light to medium in exertional level and was low level semi-skilled, and her work as a deli manager was light and semi-skilled, but does not provide her with skills transferable to sedentary work. The impartial vocational expert testified that on the basis of the claimant's presenting symptomatology with the concomitant limitations, the claimant could not perform any of her past relevant work, and further would be unable to unable to perform any work on a regular and continuous basis.

Arlene Trimblett (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)                                    Page 4 of 5

In light of the above, the undersigned Administrative Law Judge finds that the claimant is limited, at most, to sedentary work since her alleged onset date of March 25, 1999. Assuming the capacity to perform, at most, sedentary work activity, the claimant would be found disabled under Vocational Rule 201.06 and Section 201.00(d) of Table 1, Appendix 2, Subpart P of Social Security Administration Regulations No. 4.

Accordingly, the undersigned Administrative Law Judge finds that the claimant has been disabled for the purposes of a period of disability and disability insurance benefits since her alleged onset date of disability of March 25, 1999.

## FINDINGS OF FACT AND CONCLUSIONS OF LAW

After careful consideration of the entire record, the undersigned Administrative Law Judge makes the following findings of fact and conclusions of law:

1.  The claimant met the disability insured status requirements of the Social Security Act as of March 25, 1999, the alleged onset date of disability, and continues to meet those requirements potentially through December 31, 2004 (Exhibit 3D).

2.  The claimant has not engaged in substantial gainful work activity since the alleged onset date of disability (Exhibit 2E, 9E and Testimony of Claimant).

3.  The medical evidence of record establishes that the claimant has coronary artery disease and diabetes mellitus, impairments which are severe (Exhibits 1F and 2F, 4F, 5F, 10F, 11F, 12F, and 13F).

4.  The claimant does not have an impairment, or combination of impairments, severe enough to meet or equal the requirements of any of the Listing of Impairments set forth in Appendix 1, Subpart P, Social Security Administration Regulations No. 4.

5.  The claimant, having been born on September 30, 1939, is a 60-year old individual closely approaching retirement age, with a high school education, whose past relevant work ranged from light to medium in exertional level and was semi-skilled in nature, but does not provide any transferable skills to sedentary work (Testimony of Vocational Expert).

6.  The claimant's complaints are entirely consistent with the objective medical evidence and are deemed credible.

7.  The claimant does not have the residual functional capacity to perform any of her past relevant work (Testimony of Vocational Expert).

8.  The claimant is unable to perform any "other" gainful work activity on a regular and routine basis (Testimony of the Vocational Expert).

9.  The claimant is disabled pursuant to Vocational Rule 201.06 and Section 201.00(d), of Appendix 2 to Subpart P of the Medical-Vocational Guidelines.

Arlene Trimblett (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)                                      Page 5 of 5

10.    The claimant has been under a "disability" as defined in the Social Security Act, since the
       alleged onset date of disability of March 25, 1999.


### DECISION

It is the decision of the undersigned Administrative Law Judge that, based on the application  filed on May 28,
1999, the claimant is entitled to a period of disability commencing on March 25, 1999, and to disability
insurance benefits under Sections 216(i) and 223, respectively, of Title II of the Social Security Act, as
amended, in accordance with the foregoing finds of fact and conclusions of law.



FRANK P. SABATINI
Administrative Law Judge

AUG 2 2 2000

Date

## LIST OF EXHIBITS

| Claimant: | ARLENE TRIMBLETT | SSN: | 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 |

| Exh. No. | Part No. | Description | No. of Pages |
|---|---|---|---|

### MEDICAL RECORDS

| 1 | F | Emergency Room Records dated 3/25/99 from Wyoming Valley Health Care | 13 |
| 2 | F | Laboratory report covering 10/24/93 through 6/18/99, from Wyoming Valley Health Care | 40 |
| 3 | F | RFC - Residual Functional Capacity Assessment - Physical (completed by DDS physician) dated 7/20/99 | 8 |
| 4 | F | Medical Records covering the period from 11/16/94 to 11/10/99 from Daniel K. Silverstein, MD | 45 |
| 5 | F | Medical Records covering the period from 11/24/93 to 11/17/99 from John Tomedi, MD | 30 |
| 6 | F | RFC - Residual Functional Capacity Assessment - Physical (completed by DDS physician) dated 2/9/00 | 8 |
| 7 | F | Professional Qualifications, Oliver T. Finch, MD | 1 |
| 8 | F | Professional Qualifications, Daniel K. Silverstein, MD | 1 |
| 9 | F | Professional Qualifications, Rita Aneja, MD | 1 |
| 10 | F | Medical Report from Daniel K. Silverstein, MD dated 7/6/2000 | 2 |
| 11 | F | Tracings undated from Intermountain Medical | 2 |

### RECEIVED DURING HEARING

| 12 | F | Residual Functional Capacity Questionnaire dated 8/14/2000 by Dr. John Tomedi. | 1 |

### RECEIVED SUBSEQUENT TO HEARING

| 13 | F | Residual Functional Capacity Questionnaire from Dr. Daniel K. Silverstein | |

## YOUR RIGHT TO PAYMENT WITHIN A REASONABLE TIME

We are required by a District Court Order in Holman et al. v. Bowen, (Civ. No. 78-0494, M.D. Pa., May 1, 1987), to notify you of your right to have your disability payments sent to you by us within a reasonable time after a favorable determination of your eligibility for benefits.

If you would like to know when you will receive your benefits, you may contact any Social Security office to ask when you can expect to receive payment of your claim.

If, at any time, you feel that your payments are being unreasonably delayed, you may seek relief from a United States District Court.

You may wish to contact an attorney regarding your rights. If you do not have an attorney, free legal services may be available if you qualify for them due to financial need.  For further information about where to apply for free legal help, you may call the Law Coordination Center, toll free, at 1-800-732-3545.

DATE 00-06-02

CERTIFIED/REGISTERED MAIL

RECIPIENT'S NAME

UNIT

ARTICLE #

SIGNATU

Full Jacks    Law Dept.

7000 0600 0025 5339 5771

when & T.A.O.
Thank you
Madam